Case 1:16-cv-00932-LGS   Document 3   Filed 02/09/16   Page 1 of 15

**MAYER LAW GROUP, LLC**
Carl J. Mayer, Esq.
Zachary J. Liszka, Esq.
1180 Avenue of the Americas, Suite 800
New York, New York 10036
(212)382-4686
(212)382-4687

**LAW OFFICE OF TED M. ROSENBERG**
Ted M. Rosenberg, Esq. (*pro hac vice* application pending)
Robert Rosenberg, Esq. (*pro hac vice* application pending)
321 New Albany Rd.
Moorestown, NJ 08057
(856)608-9999

*Attorneys for Plaintiffs and the Putative Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS ESTLER, BLAKE RUEHRWEIN, and STEVEN PARK, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DUNKIN' BRANDS, INC., DUNKIN' DONUTS STORE #350125, DUNKIN' DONUTS STORE #350126, DONUTS STORE #350127, DUNKIN' DONUTS STORE #345768, and JOHN DOES 1-500,<br><br>Defendants. | CIVIL NO:1:16-cv-00932<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs THOMAS ESTLER, BLAKE RUEHRWEIN, and STEVEN PARK (herein collectively "Plaintiffs"), by and through their undersigned counsel, on behalf of themselves and on behalf of the Rule 23 Class of all others similarly situated, bring this action against Defendants DUNKIN' BRANDS, INC., DUNKIN' DONUTS STORE #350127, DUNKIN'

DONUTS STORE #345768, DUNKIN' DONUTS STORE #350125, DUNKIN' DONUTS STORE #350126, and JOHN DOES 1-500, (herein collectively "Defendants"), hereby allege upon personal knowledge as to some, and information and belief as to the rest, as follows:

## NATURE OF THE ACTION

1. THOMAS ESTLER, BLAKE RUEHRWEIN, and STEVEN PARK, the Plaintiffs in this action, are customers of Dunkin' Donuts and reside in New York City, and, as lead Plaintiffs, they bring this class action lawsuit against Dunkin' Donuts for illegally surcharging – in the guise of a "sales tax" -- New York customers who purchase pre-packaged coffee.

2. In the course of purchasing products from New York Dunkin' Donuts stores, the Plaintiffs learned that Defendants unlawfully surcharge customers who purchase pre-packaged coffee.

3. The unlawful surcharge is disguised as a "sales tax" in the amount of 8.875% on the customer receipt.

4. Defendants know that assessing any sales tax on pre-packaged coffee is unlawful in New York because they are aware of the tax regulations on pre-packaged coffee promulgated by the State of New York.

5. Defendants further know that assessing any sales tax on pre-packaged coffee is unlawful in New York because of several customer complaints.

6. Defendants continue to dupe Dunkin' Donuts customers and flaunt the law – *even after* members of the public complained -- and despite being informed that these actions were and are unlawful.

7. Despite being aware of the illegality of their actions, Dunkin' Donuts continues to flaunt the law and dunk their customers, leaving them with a sour taste in their mouth when they buy their sweets.

8. This action is being brought on behalf of Plaintiffs and a class of all others similarly situated, against Defendants for their willful violation of the New York consumer protection statute, General Business Law §349, which prohibits deceptive and misleading business practices, and other New York common law.

## THE PARTIES

9. At all relevant times, Plaintiff THOMAS ESTLER has been a resident of Manhattan, New York.

10. Plaintiff THOMAS ESTLER purchased pre-packaged coffee from Defendants at various Dunkin' Donuts stores in New York and Defendants charged him a surcharge in the guise of a "sales tax" on the purchases.

11. At all relevant times, Plaintiff BLAKE RUEHRWEIN has been a resident of Manhattan, New York.

12. Plaintiff BLAKE RUEHRWEIN purchased pre-packaged coffee from Defendants at various Dunkin' Donuts stores in New York and Defendants charged him a surcharge in the guise of a "sales tax" on the purchases.

13. At all relevant times, Plaintiff STEVEN PARK has been a resident of Manhattan, New York.

14. Plaintiff STEVEN PARK purchased pre-packaged coffee from Defendants at various Dunkin' Donuts stores in New York and Defendants charged him a surcharge in the guise of a "sales tax" on the purchases.

15. Defendant DUNKIN' BRANDS, INC. advertises itself as the source of fuel for the country, and is otherwise a restaurant chain that sells donuts and coffee. Defendant sets and controls the price and fees its franchise members charge for their products, including pre-packaged coffee.

16. Defendant DUNKIN' BRANDS, INC was at all relevant times a business corporation organized and existing under the laws of the State of Delaware, with its principal executive office at 130 Royal Street in Canton, Massachusetts.

17. Defendant DUNKIN' BRANDS, INC.'s registered service agent in New York is C T Corporation System, 111 Eighth Avenue in New York, NY 10011.

18. Defendant DUNKIN' DONUTS STORE #350125 is located at 2 Penn Plaza, New York, New York.

19. Defendant DUNKIN' DONUTS STORE #350126 is located at 2 Penn Plaza, New York, New York.

20. Defendant DUNKIN' DONUTS STORE #350127 is located at 2 Penn Plaza, New York, New York.

21. Defendant DUNKIN' DONUTS STORE #345768 is located at 606 10th Avenue, New York, New York.

22. John Does 1-500 are Dunkin' Donuts stores in New York whose names and addresses are unknown.

## JURISDICTION AND VENUE

23. This Court has jurisdiction over the subject matter presented by this class action complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts over any class action where any member of the plaintiff class is a citizen of a state different from any defendant, and when the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

24. Plaintiffs allege that the total claims of the individual members of the Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. §1332(d)(2),(5).

25. Plaintiffs are citizens of New York and at least one Defendant can be considered a citizen of Massachusetts for purposes of diversity. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A) because at least one Plaintiff is diverse from one Defendant.

26. Furthermore, Plaintiff alleges that the total number of members of the proposed Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

27. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because at least one Defendant has a principal places of business located in this district at all times relevant to this action, and many of the acts charged herein occurred in this District.

28. At all relevant times, Defendants committed the acts, caused, or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint. Any allegations about acts of the corporate Defendants means that those acts were committed through their officers, directors, employees, agents, and/or representatives while those individuals were acting within the actual or implied scope of their authority.

## FACTS

**Dunkin' Headquarters Sets and Controls the Prices and Fees for Pre-Packaged Coffee**

29. Defendants comprise one of the largest baked goods and coffee stores in the world, with over 11,000 stores in 33 countries, and approximately 515 locations in New York, surpassing Starbucks in 2013 as the largest chain store operating in New York City.[1]

30. Defendant Dunkin' Brands, Inc. grants licenses to franchisees to operate Dunkin' Donuts stores in New York.

31. As part of the licensing franchisee agreement, Defendant Dunkin' Brand, Inc. sets and controls the prices and taxes to be assessed by each franchise store and programs them into each cash register, including the cash registers in New York.

32. When Defendants sell pre-packaged coffee at their New York stores, a surcharge is automatically added on to the purchase price in the guise of a "sales tax".

**Pre-Packaged Coffee is Exempt From Sales Tax in New York**

33. In New York, most food is exempt from sales tax. Food must meet three requirements to be exempt from sales tax: i) it must be sold for human consumption, ii) it must be sold unheated, and iii) it must be sold in the same form and condition, quantities, and packaging as is commonly used by retail food stores. *See* New York Department of Taxation and Finance Tax Bulletin ST-525, April 13, 2011.

34. Further, the New York Department of Taxation and Finance Tax Bulletin ST-525 identifies specific items that are <u>not to be taxed</u> by retail food markets and similar establishments, such as Defendants stores. "Coffee" is specifically listed as exempt from sales tax in the Bulletin. *See* New York Department of Taxation and Finance Tax Bulletin ST-525, April 13, 2011.

35. If there is any doubt, the New York Department of Taxation and Finance Tax Bulletin ST-806 describes the method by which a business should determine whether an item sold by restaurants, taverns, and similar establishments, including Defendants is taxable.

---

[1] http://nypost.com/2013/12/03/dunkin-donuts-tops-starbucks-as-citys-largest-chain/

36. The Tax Bulletin ST-806 states the following,

> When the food and drink is sold by a restaurant to-go, it is taxable unless, i) the food (other than sandwiches) or drink is being sold unheated, and, ii) it is being sold in the same way (in the same form, condition, quantities, and packaging) you would normally find it in a supermarket or grocery store.

> New York Department of Taxation and Finance Tax Bulletin ST-806, April 13, 2011.

37. Despite knowledge of Tax Bulletins ST-525 and ST-806, Defendants include a surcharge in the guise of a "sales tax" on their pre-packaged coffee sold in the same form, condition, quantities, and packaging as commonly sold in grocery stores. Indeed, the pre-packaged coffee is sold unheated and for off-premise consumption.

38. To be sure, when Plaintiffs called the New York Department of Taxation customer service hotline they were told by a representative that pre-packaged coffee is not supposed to be taxed under New York tax regulations because it is sold unheated, for off-premise consumption, and in the same form, condition, quantities, and packaging as commonly sold in grocery stores.

39. The New York Department of Taxation customer service hotline is available for any business to use, including Defendants.

**Defendants Unlawfully Assess a Surcharge in the Guise of a "Sales Tax"**

40. On December 26, 2015, Plaintiff ESTLER purchased pre-packaged coffee from Defendant DUNKIN' DONUTS STORE #350125 and was assessed a surcharge of .89 cents in the guise of "sales tax", as indicated on the Plaintiff's receipt.

41. On December 26, 2015, Plaintiff ESTLER purchased pre-packaged coffee from Defendant DUNKIN' DONUTS STORE #350126 and was assessed a surcharge of .89 cents in the guise of "sales tax", as indicated on the Plaintiff's receipt.

42. On December 26, 2015, Plaintiff ESTLER purchased pre-packaged coffee from Defendant DUNKIN' DONUTS STORE #350127 and was assessed a surcharge of $.89 cents in the guise of "sales tax", as indicated on the Plaintiff's receipt.

43. On December 29, 2015, Plaintiff ESTLER purchased pre-packaged coffee from Defendant DUNKIN' DONUTS STORE #345768 and was assessed a surcharge of $.89 cents in the guise of "sales tax", as indicated on the Plaintiff's receipt.

44. On January 13, 2016, Plaintiff RUEHRWEIN purchased pre-packaged coffee from Defendant DUNKIN' DONUTS STORE #350125 and was assessed a surcharge of $.89 cents in the guise of "sales tax", as indicated on the Plaintiff's receipt.

45. On January 13, 2016, Plaintiff RUEHRWEIN purchased pre-packaged coffee from Defendant DUNKIN' DONUTS STORE #350126 and was assessed a surcharge of $.89 cents in the guise of "sales tax", as indicated on the Plaintiff's receipt.

46. On January 13, 2016, Plaintiff RUEHRWEIN purchased pre-packaged coffee from Defendant DUNKIN' DONUTS STORE #350127 and was assessed a surcharge of $.89 cents in the guise of "sales tax", as indicated on the Plaintiff's receipt.

47. On January 14, 2016, Plaintiff PARK purchased pre-packaged coffee from Defendant DUNKIN' DONUTS STORE #350125 and was assessed a surcharge of $.89 cents in the guise of "sales tax", as indicated on the Plaintiff's receipt.

48. On January 14, 2016, Plaintiff PARK purchased pre-packaged coffee from Defendant DUNKIN' DONUTS STORE #350126 and was assessed a surcharge of $.89 cents in the guise of "sales tax", as indicated on the Plaintiff's receipt.

49. On January 14, 2016, Plaintiff PARK purchased pre-packaged coffee from Defendant DUNKIN' DONUTS STORE #350127 and was assessed a surcharge of $.89 cents in the guise of "sales tax", as indicated on the Plaintiff's receipt.

**Dunkin' Donuts is Aware of its Illegal Actions and Continues to Flaunt the Law**

50. Defendants are aware of the tax regulations promulgated by the State of New York regarding the sale of pre-packaged coffee.

51. Despite knowledge of the tax regulations, Defendants have ignored the regulations for at least the past three (3) years.

52. Instead, Defendants have a policy and practice of adding on a surcharge to their products in the guise of a "sales tax".

53. Defendants maintain this policy despite customer complaints and press coverage, including the following:

    a.   In March 2013 an article published in www.NJ.com, "Bamboozled: Coffee Tax Creates Quite a Stir"[2], reported the story of two Dunkin' Donuts customers who were assessed 7 percent fee in the guise of a "sales tax" on pre-packaged coffee beans purchased at several New Jersey Dunkin' Donuts.

    b.   According to the article, Dunkin' Donuts headquarters was alerted that New Jersey franchises were unlawfully assessing a 7 percent charge on pre-packaged coffee.

    c.   According to the article, Dunkin' Donuts headquarters responded, in sum and substance that it had addressed the issue with its franchisees.

---

[2] http://www.nj.com/business/index.ssf/2013/03/bamboozled_coffee_tax_creates.html (accessed March 8, 2015).

54. Despite the public scrutiny of NJ.com article, customer complaints, and knowledge of the tax regulations, Defendants continue to flaunt the law by assessing a surcharge on pre-packaged coffee in the guise of a "sales tax" to this day.

### FACTS COMMON TO THE CLASS

55. Plaintiffs bring this action as a Class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated as follows:

    All New York citizens who purchased from Defendants pre-packaged coffee and any other tax-exempt item during the period of three (3) years from the filing of this action to present, whom were assessed a surcharge on the purchase price of the pre-packaged coffee and/or any other tax-exempt product in the guise of a "sales tax".

56. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or complaint.

57. Excluded from the Class is any person or entity in which Defendant has a controlling interest, and the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors, and their assigns of any such person or entity, together with any immediate family member of any officer, director, or employee of said companies. Also excluded from membership in the Class is any Judge or Magistrate presiding over this action and members of their families.

58. This action is properly maintainable as a class action.

59. Given the nature of the business involved, members of the Class are so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. The exact number of Class members and their addresses can be determined through appropriate discovery.

60. Plaintiffs are members of the Class they seek to represent.

61. The Class is believed to include more than 1,000 customers. As a result, joinder of all class

members in a single action is impracticable.

62. There are important questions of law or fact common to the entire Class, including:

    a. whether Defendants have a policy and practice of assessing a surcharge in the guise of a "sales tax" on pre-packaged coffee and/or other tax-exempt products;

    b. whether Defendants' actions violated GBL § 349 (New York Deceptive Business Practices Act);

    c. whether Defendants' conduct constituted a breach of contract;

    d. whether Defendants' conduct constituted unjust enrichment;

    e. whether Defendants' conduct constituted negligence;

    f. whether Defendants' conduct constituted fraud;

    g. whether Plaintiffs and the members of the Class are entitled to damages, including treble damages; and

    h. whether Defendants' profited from the unlawful practices described herein.

63. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have the same interests as the other Class members.

64. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained able counsel with extensive experience in breach of contract, consumer fraud and class action litigation. The interests of the Plaintiffs are coincident with, and not antagonistic to, the interests of the other Class members.

65. Defendants' misconduct alleged in this Complaint is generally applicable to, and indeed directly affects, the entire Class. Accordingly, final injunctive relief with respect to the Class as a whole is appropriate and warranted.

66. The prosecution of separate actions by individual members of the Class would create a risk

of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

67. A Class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them. The Class is readily definable, and prosecution of this action as a Class action will eliminate the possibility of repetitious litigation. Plaintiffs will encounter no difficulty in managing this action as a Class action.

## COUNT ONE
### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §349

68. The allegations contained in each paragraph set forth above in this Complaint are incorporated by reference as if fully set forth herein.

69. Plaintiffs and the members of the Class are customers of Defendants. Plaintiffs bring this action pursuant to New York General Business Law §349.

70. Defendants have engaged in deceptive practices by assessing a surcharge on the sale of pre-packaged coffee and/or other tax-exempt products under the guise of a "sales tax".

71. Such actions and failures to act have caused direct, foreseeable, and proximate damages to Plaintiffs and other members of the Class.

## COUNT TWO
### BREACH OF CONTRACT

72. The allegations contained in each paragraph set forth above in this Complaint are incorporated by reference as if fully set forth herein.

73. Defendants' misconduct constitutes a material breach of contract, and a breach of the implied covenant of good faith and fair dealing.

74. As such, Plaintiffs and the Class have been injured.

## COUNT THREE
## UNJUST ENRICHMENT

75. The allegations contained in each paragraph set forth above in this Complaint are incorporated by reference as if fully set forth herein.

76. Defendants, through their wrongful conduct described above, have reaped substantial financial benefits at the expense of plaintiffs.

77. Defendant's profits would have been reduced, but for their wrongful and unlawful conduct.

78. Accordingly, Defendants have been unjustly enriched by their unlawful and wrongful conduct. Defendants should not be allowed to retain the proceeds and benefits conferred upon them by Plaintiffs and the Class.

79. In equity and good conscience, it would be unjust and inequitable to permit Defendants to enrich themselves at Plaintiffs' and the Class' expense.

80. Therefore, Defendants must disgorge their unjustly acquired profits and other monetary benefits resulting from their unlawful conduct and provide restitution to Plaintiffs and the Class.

## COUNT FOUR
## NEGLIGENCE

81. The allegations contained in each paragraph set forth above in this Complaint are incorporated by reference as if fully set forth herein.

82. Defendants breached a duty to Plaintiffs and the Class members by failing to properly train their agents, resulting in the aforementioned damages.

## COUNT FIVE
## FRAUD

83. The allegations contained in each paragraph set forth above in this Complaint are incorporated by reference as if fully set forth herein.

84. Defendants willful and material misrepresentations to Plaintiffs and the Class, which Plaintiffs and the Class reasonably relied upon, resulted in the aforementioned damages.

      **WHEREFORE,** Plaintiffs, individually, and on behalf of the Class, prays for judgment, as follows:

a.    declare this action to be a proper Class action and certify Plaintiffs as representatives and Counsel as Class Counsel of the Class, and enter an order requiring Defendants to bear the costs of the notice under Rule 23 of the Federal Rules of Procedure;

b.    order Defendants to reimburse Plaintiffs and members of the Class due to Defendants deceptive practices;

c.    order Defendants to disgorge all profits made as a result of its deceptive practices;

d.    award Plaintiffs and Class members their cost and disbursements incurred in connection with this action, including reasonable attorneys' fees, and experts' fees, and other expenses incurred in prosecuting this action;

e.    grant punitive damages, pre-judgment and post-judgment interest; and

f.    other such relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Dated: February 9, 2016
New York, NY

        Respectfully submitted,

        MAYER LAW GROUP, LLC

        _____
        Zachary J. Liszka, Esq.
        Carl J. Mayer, Esq.
        1180 Avenue of the Americas, Suite 800
        New York, NY 10036
        phone: (212)382-4686
        fax: (212) 382-4687
        zachliszka@gmail.com
        cyberesquire@aol.com

        LAW OFFICE OF TED M. ROSENBERG
        Ted M. Rosenberg, Esq.
        (*pro hac vice* application pending)
        Robert Rosenberg, Esq.
        (*pro hac vice* application pending)
        321 New Albany Rd.
        Moorestown, NJ 08057
        (856) 608-9999

        *Attorneys for Plaintiffs and the Putative Class*