UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS ESTLER, BLAKE RUEHRWEIN, and STEVEN PARK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>DUNKIN BRANDS INC., DUNKIN' DONUTS STORE #350125, DUNKIN' DONUTS STORE #350126, DUNKIN' DONUTS STORE #350127, DUNKIN' DONUTS STORE #345768, and "JOHN DOES #1-500",<br><br>Defendants. | Civil No. 1:16-cv-00932-LGS<br>Judge Lorna G. Schofield |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
DUNKIN' DONUTS STORE #350125, DUNKIN' DONUTS STORE #350126, AND
DUNKIN' DONUTS STORE #350127'S MOTION TO DISMISS**

# TABLE OF CONTENTS

## Contents

**ARGUMENT** ...................................................................................................................... 6

    I.    PLAINTIFFS' COMPLAINT MUST BE DISMISSED FOR FAILURE TO EXHAUST EXCLUSIVE ADMINISTRATIVE REMEDIES ............................................................................. 7

        a.    Sales Tax Refunds Are Available Exclusively through New York Tax Law § 1139's Administrative Remedies ................................................................. 7

        b.    Each of Plaintiff's Claims Seeks Recovery of Sales Tax Amounts Alleged to Be Improper, and Are thus Disguised Requests for a Sales Tax Refund ........... 10

    II.    TAKEN INDIVIDUALLY, NONE OF PLAINTIFFS CAUSES OF ACTION STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED ........................................................ 10

        a.    Plaintiffs Fail to State a Claim for Violation of N.Y. G.B.L. § 349 ...................... 11

        b.    Plaintiffs' Claim for Breach of Contract Fails to Plead a Contract or Specific Contract Term Breached ........................................................... 12

        c.    Plaintiffs' Equitable Claim for Unjust Enrichment Fails to Plead Enrichment ................................................................................. 13

        d.    Plaintiffs' Claim for Negligence Fails to Plead a Duty Breached ....................... 14

        e.    The Economic Loss Doctrine Bars Plaintiffs' Claims for Fraud and Negligence ................................................................................... 15

        a.    Plaintiffs Fail to Allege Fraud with Particularity ................................................. 16

**CONCLUSION** ................................................................................................................... 18

# TABLE OF AUTHORITIES
Page(s)

**Cases**

*532 Madison Ave. Gourmet Foods, Inc. v. Tishman Construction Corp.*,
   750 N.E.2d 1097 (N.Y. 2001)..................................................................................16

*Matter of 550 Cent. Ave. Deli Corp. v. Comm'r of Taxation and Fin.*,
   188 A.D. 2d 845 (N.Y. App. Div. 3d Dep't. 1992) ....................................................10

*Acito v. IMCERA Group, Inc.*,
   47 F.3d 47 (2d Cir. 1995)..........................................................................................18

*Am. Tel. & Tel. Co. v. N.Y.C. Human Res. Admin.*,
   833 F. Supp. 962 (S.D.N.Y. 1993) ............................................................................16

*Banco Indus. de Venezuela, C.A. v. CDW Direct, LLC*,
   888 F. Supp. 2d 508 (S.D.N.Y. 2012)........................................................................15

*Bastek v. Fed. Crop Ins. Corp.*,
   145 F.3d 90 (2d Cir. 1998)..........................................................................................9

*Bridgeway Corp. v. Citibank, N.A.*,
   132 F. Supp. 2d 297 (S.D.N.Y. 2001)........................................................................13

*Cnty. of Suffolk v. Long Island Lighting Co.*,
   728 F.2d 52 (2d Cir. 1984)........................................................................................17

*Cohen v. Hertz Corp.*,
   No. 13 Civ. 1205, 2013 WL 9450421 (S.D.N.Y. Nov. 26, 2013) .............................10

*Davidson v. Rochester Tel. Corp.*,
   558 N.Y.S.2d 1009 (N.Y. App. Div. 3d Dep't 1990) ................................................10

*Eaves v. Designs for Finance, Inc.*,
   785 F. Supp. 2d 229 (S.D.N.Y. 2011)........................................................................19

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
   375 F.3d 168 (2d Cir. 2004)......................................................................................17

*Fairbank Farms, Inc. v. Kasza*,
   69 A.D. 2d 1001 (N.Y. App. Div. 4th Dep't 1979) ...................................................10

*Georgia Malone & Co. v. Rieder*,
   19 N.Y.3d 511 (2012) ...............................................................................................14

*Gilbert v. Home Depot, Inc.*,
 No. 13-cv-853S, 2014 WL 4923107 (W.D.N.Y. Sept. 30, 2014) ......................................... 10, 11

*Goel v. Ramachandran*,
 111 A.D.3d 783 (2d Dep't 2013) ................................................................................................. 14, 15

*Harsco v. Segui*,
 91 F.3d 337 (2d Cir. 1996) ........................................................................................................... 18

*Jones v. Bank of Am. Nat'l Ass'n*,
 No. 31990/2008, 2013 WL 4017344 (N.Y. Sup. Ct. July 29, 2013) ......................................... 18

*Lama Holding Co. v. Smith Barney Inc.*,
 668 N.E.2d 1370 (N.Y. 1996) ....................................................................................................... 18

*Legal Aid Society v. City of New York*,
 114 F. Supp. 2d 204 (S.D.N.Y. 2000) ........................................................................................ 10

*Lombard v. Booz-Allen & Hamilton, Inc.*,
 280 F.3d 209 (2d Cir. 2002) ......................................................................................................... 15

*M. Parpis Food Distribs. Inc. v. Wetzler*,
 202 A.D. 2d 873 (N.Y. App. Div. 3d Dep't 1994) ................................................................. 10

*Makarova v. United States*,
 201 F.3d 110 (2d Cir. 2000) ........................................................................................................... 8

*Matthew v. RCN Corp.*,
 No. 12 Civ. 0185, 2012 WL 5834917 (S.D.N.Y. Nov. 14, 2012) ............................................ 11

*Meijer, Inc. v. Ferring B.V. (In re DDAVP Direct Purchaser Antitrust Litig.)*,
 585 F.3d 677 (2d Cir. 2009) ......................................................................................................... 19

*Morrison v. Nat'l Austl. Bank Ltd.*,
 547 F.3d 167 (2d Cir. 2008), *aff'd on other grounds*, 130 S. Ct. 2869 (2010) .......................... 8

*N. Shipping Funds I. L.L.C. v. Icon Capital Corp.*,
 No. 12 Civ. 2584 (JCF), 2014 WL 700198 (S.D.N.Y. Feb. 24, 2014) .................................... 14

*New World Trading Co. v. Avshalomov*,
 No. 11 Civ. 6219, 2012 WL 4378055 (S.D.N.Y. Sept. 24, 2012) ............................................. 17

*Orlander v. Staples, Inc.*,
 802 F.3d 289 (2d Cir. 2015) ......................................................................................................... 12

*Pelman v. McDonald's Corp.*,
 272 F.R.D. 82 (S.D.N.Y. 2010) ................................................................................................... 12

*Preira v. Bancorp Bank,*
    885 F. Supp. 2d 672 (S.D.N.Y. 2012)..................................................................................12

*S.E.C. v. Lee,*
    720 F. Supp. 2d 305 (S.D.N.Y. 2010)..................................................................................19

*Matter of Saltzman v. N.Y. State Tax Comm'n,*
    101 A.D.2d 910 (N.Y. App. Div. 3d Dep't 1984) ...............................................................16

*Shred-It USA Inc. v. Mobile Data Shred,*
    222 F. Supp. 2d 376 (S.D.N.Y. 2002)..................................................................................17

*Small v. Lorillard Tobacco Co.,*
    720 N.E.2d 892 (N.Y. 1999).................................................................................................12

*Sotheby's, Inc. v. Minor,*
    No. 08 Civ. 7694(BSJ), 2009 WL 3444887 (S.D.N.Y. Oct. 26, 2009) ................................15

*Stutman v. Chem. Bank,*
    731 N.E.2d 608 (N.Y. 2000).................................................................................................12

*Texas Liquids Holdings, LLC v. Key Bank Nat. Ass'n,*
    No. 05-civ-5070 (KMW), 2007 WL 950136 (S.D.N.Y. March 27, 2007) ..........................13

*Valentini v. Citigroup, Inc.,*
    837 F. Supp. 2d 304 (S.D.N.Y. 2011)..................................................................................19

*W. T. Wang, Inc. v. N.Y. State Dep't of Taxation & Fin.,*
    88 A.D. 2d 825 (N.Y. App. Div. 1st Dep't 1982)...............................................................10

*Weisblum v. Prophase Labs, Inc.,*
    88 F. Supp. 3d 283, 286, 292-93 (S.D.N.Y. 2015) .............................................................13

**Statutes**

N.Y. General Business Law § 349.............................................................................7, 10, 12, 13

N.Y. Tax Law § 1139 ...........................................................................................................7, 8, 9, 11

N.Y. Tax Law § 1140 ...........................................................................................................7, 8, 9, 11

Federal Rule of Civil Procedure 9(b).............................................................................................17, 18

Federal Rule of Civil Procedure 12(b)(1) .......................................................................................1, 7, 8

Federal Rule of Civil Procedure 12(b)(6) .......................................................................................1, 7, 8

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants Dunkin' Donuts Store #350125, Dunkin' Donuts Store #350126, and Dunkin' Donuts Store #350127 (the "Stores") move to dismiss all claims brought against them by Plaintiffs, individually and on behalf of others similarly situated ("Plaintiffs").

The complaint is, at its essence, a claim for a tax refund. Plaintiffs allege they were improperly charged an $0.89 sales tax on each of several purchases of prepackaged coffee, at several named (and unnamed) Dunkin' Donuts. Under the New York Tax Laws, such a claim for a tax refund may only be brought against the New York Department of Taxation; therefore, pursuant to Federal Rule of Civil Procedure 12(b)(1), this Court lacks jurisdiction to hear this matter.

Beyond the threshold jurisdictional basis for dismissing Plaintiffs' claims in their entirety, Plaintiffs' insufficient pleading of each of their claims provide separate cause for their complaint to be dismiss. Plaintiffs fail to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), with respect to each of their individual causes of action. Plaintiffs fail to state a claim under New York General Business Law § 349, fail to allege a contract or contract term that has been breached, fail to allege a retained benefit to support their unjust enrichment claim, fail to allege a duty the breach of which could constitute negligence, and fail to plead fraud with the particularity required to support such a claim. For these reasons, in addition to the lack of jurisdiction, the Stores respectfully request that this Court dismiss Plaintiffs' claims in their entirety under Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6).

## ARGUMENT

New York Tax Law §§ 1139-40 provides an exclusive administrative remedy for improper taxation. This Court therefore lacks jurisdiction to hear this case, and each of Plaintiffs' individual claims, all of which are based on Plaintiffs' allegations that they were improperly

taxed. Even if this Court had jurisdiction to hear this case, each of Plaintiffs' individual claims is insufficiently plead, and fails to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6).

I. **Plaintiffs' Complaint Must Be Dismissed for Failure to Exhaust Exclusive Administrative Remedies**

Plaintiffs allege that the defendant Dunkin' Donuts stores, including the Stores, charged them a sales tax on prepackaged coffee. Each named plaintiff alleges to have been overcharged by $0.89 per purchase. Compl. (Doc. No. 3) ¶¶ 39-48. Plaintiffs allege that prepackaged coffee is considered a grocery item, and thus is not subject to sales tax in New York. *Id.* ¶ 32.

Plaintiffs make no allegation, however, that they have taken any administrative action for redress of their claims. N.Y. Tax Law § 1139 provides an administrative procedure. Under N.Y. Tax Law § 1140, and supported by the decisional law of New York state and federal courts, the remedies available under § 1139 are exclusive; Plaintiffs cannot, therefore, pursue their claims for failure to exhaust administrative remedies.

   a. **Sales Tax Refunds Are Available Exclusively through New York Tax Law § 1139's Administrative Remedies**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). While courts generally "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," on a Rule 12(b)(1) motion, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd on other grounds*, 130 S. Ct. 2869 (2010). Because Plaintiffs have failed to exhaust their administrative remedies, as required by New York Tax Law §§ 1139-40, this Court does not have jurisdiction to hear this case. New

York Tax Law § 1139 permits taxpayers to seek refunds for sales taxes collected improperly, as follows:

> (a) In the manner provided in this section the tax commission shall refund or credit any tax, penalty or interest erroneously, illegally or unconstitutionally collected or paid if application therefor shall be filed with the tax commission (i) in the case of tax paid by the applicant to a person required to collect tax, within three years after the date when the tax was payable by such person to the tax commission. …
>
> (b) If an application for refund or credit is filed with the commissioner of taxation and finance as provided in subdivision (a) of this section, the commissioner of taxation and finance shall grant or deny such application in whole or in part within six months of receipt of the application in a form which is able to be processed and shall notify such applicant by mail accordingly. Such determination shall be final and irrevocable unless such applicant shall, within ninety days after the mailing of notice of such determination, petition the division of tax appeals for a hearing. After such hearing, the division of tax appeals shall mail notice of the determination of the administrative law judge to such applicant and to the commissioner of taxation and finance. Such determination may be reviewed by the tax appeals tribunal as provided in article forty of this chapter. The decision of the tax appeals tribunal may be reviewed as provided in section two thousand sixteen of this chapter.

N.Y. Tax Law § 1139. N.Y. Tax Law § 1140 limits tax payers to the procedure set forth in § 1139 as their sole means of redressing improperly charged sales taxes:

> The remedies provided by §§ 1138 and 1139 shall be exclusive remedies available to any person for the review of tax liability imposed by this article; and no determination or proposed determination of tax or determination on any application for refund shall be enjoined or reviewed by an action for declaratory judgment, an action for money had and received, or by an action or proceeding other than a proceeding under article 78 of the civil practice law and rules.

N.Y. Tax Law § 1140. New York state and federal courts (applying New York law) make abundantly and consistently clear that plaintiffs cannot bypass their § 1140 administrative remedies in favor of litigation. *See Bastek v. Fed. Crop Ins. Corp.*, 145 F.3d 90, 94 (2d Cir. 1998) ("administrative exhaustion requirements are mandatory, and courts are not free to dispense with them"); *W. T. Wang, Inc. v. N.Y. State Dep't of Taxation & Fin.*, 88 A.D. 2d 825,

826 (N.Y. App. Div. 1st Dep't 1982) (dismissing claims because taxpayer had failed to exhaust §§ 1139 and 1140 administrative remedies); *Davidson v. Rochester Tel. Corp.*, 558 N.Y.S.2d 1009, 1011 (N.Y. App. Div. 3d Dep't 1990) (dismissing plaintiff's claims against a retailer, and finding that claims against the State for recovery of taxes paid must be preceded by exhaustion of administrative remedies"); *Matter of 550 Cent. Ave. Deli Corp. v. Comm'r of Taxation and Fin.*, 188 A.D. 2d 845, 846 (N.Y. App. Div. 3d Dep't. 1992) (finding unambiguous legislative intent and strong public policy both to limit the opportunity to seek sales tax refunds to §§ 1139 and 1140); *see also M. Parpis Food Distribs. Inc. v. Wetzler*, 202 A.D. 2d 873, 875 (N.Y. App. Div. 3d Dep't 1994); *Legal Aid Society v. City of New York*, 114 F. Supp. 2d 204, 222 (S.D.N.Y. 2000); *Fairbank Farms, Inc. v. Kasza*, 69 A.D. 2d 1001, 1002 (N.Y. App. Div. 4th Dep't 1979). In several cases substantially factually similar to the case at bar, New York courts have held specifically that a plaintiff class cannot succeed in pursuing remedies against a retailer for alleged overcharges of sales tax or improper charges in place of sales tax. *See Cohen v. Hertz Corp.*, No. 13 Civ. 1205, 2013 WL 9450421 (S.D.N.Y. Nov. 26, 2013) (plaintiffs' class-action claims based on N.Y. General Business Law § 349, breach of contract, and negligence, among other grounds, all arising from alleged improper application of sales tax, were dismissed because plaintiffs were limited to their administrative remedy against the taxation authority) (*quoting Davidson v. Rochester Tel. Corp.*, 558 N.Y.S.2d 1009, 1011 (N.Y. App. Div. 3d Dep't 1990)); *Gilbert v. Home Depot, Inc.*, No. 13-cv-853S, 2014 WL 4923107, *4 (W.D.N.Y. Sept. 30, 2014) (dismissing a § 349 claim and contract, negligence, and fraud claims based on improper imposition of a sales tax, finding that "the question of whether a vendor is collecting and remitting sales taxes in accordance with state law is a question that has been entrusted to the Department of Taxation in the first instance").

Plaintiffs' claims in the pending litigation are all thinly-guised claims for a sales tax refund. Such claims are expressly disallowed, as against retailers, by the Tax Law – and consistently dismissed in case law. Jurisdiction to resolve these claims is the exclusive purview of the tax commission and its administrative process, and therefore does not exist here.

### b. Each of Plaintiff's Claims Seeks Recovery of Sales Tax Amounts Alleged to Be Improper, and Are thus Disguised Requests for a Sales Tax Refund

Plaintiffs expressly admit that they are suing to recover amounts listed on their sales receipts as a sales tax. Compl. ¶ 3. This admission is fatal to each of their claims. "Where a plaintiff sues to recover a sum that was collected as a tax, the plaintiff has sued for a tax refund, even if the sum does not literally constitute an internal revenue tax." *Matthew v. RCN Corp.*, No. 12 Civ. 0185, 2012 WL 5834917, at *4 (S.D.N.Y. Nov. 14, 2012). Describing the tax as a "surcharge in the guise of a 'sales tax'" (Compl. ¶¶ 1, 70) is semantic and speculative – and unsupported by a single fact pled.

Section 1139 requires the tax commission to refund taxes improperly collected taxes by retail establishments. *See Gilbert v. Home Depot, Inc.*, No. 13-cv-853S, 2014 WL 4923107, at *3 (W.D.N.Y. Sept. 30, 2014). Whether or not the sales taxes were improperly collected or "surcharge[s] in the guise of a sales tax," Plaintiffs sole remedy remains §§ 1139-40. "Whether a vendor is collecting and remitting sales taxes in accordance with state law is a question that has been entrusted to the Department of Taxation in the first instance." *Id.* at *4.

### II. Taken Individually, None of Plaintiffs Causes of Action States a Claim upon Which Relief Can Be Granted

Even if this Court had jurisdiction over Plaintiffs' claims – and it does not, as discussed above – each cause of action plead fails to state a claim as a matter of law, and should therefore be dismissed regardless of Plaintiffs' failure to exhaust administrative remedies.

10

### a. Plaintiffs Fail to State a Claim for Violation of N.Y. G.B.L. § 349

A claim for violation of New York General Business Law § 349 requires an allegation of "actual injury" that Plaintiffs have not – and cannot plausibly – make. Plaintiffs have suffered no injury arising from their purchases of prepackaged coffee beyond small pecuniary losses, which do not constitute "actual injuries" as a matter of law.

A N.Y. G.B.L. § 349 claim must allege: (1) the challenged act or practice was consumer oriented; (2) the act or practice was misleading in a material way; and (3) plaintiff suffered injury as a result of the deceptive act. *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611 (N.Y. 2000). The injury required to establish the third element may not be limited to pecuniary harm resulting from paying the purchase price of the product. *Id.* at 612; *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 897 (N.Y. 1999); *Preira v. Bancorp Bank*, 885 F. Supp. 2d 672, 679 (S.D.N.Y. 2012) (*quoting Lorillard Tobacco Co.*, 720 N.E.2d at 898) ("'consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices [have not] suffered an injury under General Business Law § 349'"); *Pelman v. McDonald's Corp.*, 272 F.R.D. 82, 92-93 (S.D.N.Y. 2010).

Therefore, a consumer plaintiff seeking to establish "actual injury" to establish a claim for violation of § 349 must allege not only that they paid more than they believe they should have, but also that the product they received was inferior to what the defendant advertised. *See, e.g., Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015) (*citing Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 288-89 (S.D.N.Y. 2014) (actual injury sufficiently plead where plaintiff purchased milk advertised as "fat-free" that actually contained fat); *Lazaroff v. Paraco Gas Corp.*, No. 28633/09, 2011 WL 9962089, at *6 (N.Y. Sup. Ct. Feb. 25, 2011) (actual injury sufficiently pled where plaintiff purchased a "20 pound" propane cylinder containing only 15 pounds of propane)); *see also Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 286, 292-

11

93 (S.D.N.Y. 2015) (actual injury sufficiently plead where plaintiff paid for a product falsely alleged to be effective in treating the common cold).

Here, Plaintiffs allege no discrepancy between the quality or characteristics of the product advertised and the prepackaged coffee they purchased; they can point to no injury beyond the pecuniary injury represented by the purchase price they paid. *See* Compl. ¶ 70. This allegation fails to state an "actual injury" under § 349. This claim should therefore be dismissed for failure to state a claim.

### b. Plaintiffs' Claim for Breach of Contract Fails to Plead a Contract or Specific Contract Term Breached

Under New York law, the elements of a breach of contract claim are (1) the existence of an agreement, (2) performance of the contract by the plaintiff, (3) breach of the agreement by the defendant, and (4) damages. *See Bridgeway Corp. v. Citibank, N.A.*, 132 F. Supp. 2d 297, 305 (S.D.N.Y. 2001). Where, as here, a complaint does not adequately assert the existence of a contract, or the terms alleged to have been breached, a cause of action for breach of contract is insufficiently plead, and the claim must be dismissed. *Texas Liquids Holdings, LLC v. Key Bank Nat. Ass'n*, No. 05-civ-5070 (KMW), 2007 WL 950136 (S.D.N.Y. March 27, 2007) (dismissing contract claim where complaint did not identify the contract alleged, and did not describe the terms alleged to have been breached). Such conclusory pleading is fatal not only to the contract claim, but also to any claim of a breach of the implied covenant of good faith and fair dealing.

Plaintiffs here have not identified the contract they purport to sue on, much less identified the specific provision or provisions allegedly breached. Consisting of the single substantive sentence "Defendants' misconduct constitutes a material breach of contract, and a breach of the implied covenant of good faith and fair dealing," Plaintiffs' contract claim fails to allege the first and third elements of a breach of contract adequately, and must therefore fail. In light of their

insufficient pleading, and in light of the fact that the "breach" alleged is, in fact, an alleged violation of the tax code that can only be redressed through administrative procedure, Plaintiff's contract claim should be dismissed.

### c. Plaintiffs' Equitable Claim for Unjust Enrichment Fails to Plead Enrichment

Under New York law, to plead a claim for unjust enrichment, a plaintiff must allege "that (1) the other party was enriched, (2) at the party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511 (2012) (citation omitted). Stated differently, a claim for unjust enrichment in New York will lie only where the defendant possesses money or received a benefit which in equity and good conscience the defendant should not retain because it belongs to the plaintiff. *See N. Shipping Funds I. L.L.C. v. Icon Capital Corp.*, No. 12 Civ. 2584 (JCF), 2014 WL 700198, at *22 (S.D.N.Y. Feb. 24, 2014).

Pursuant to the foregoing authorities, Plaintiffs' unjust enrichment claim fails because the complaint does not allege that the Stores retained any of the alleged improper sale tax collected. *See Goel v. Ramachandran*, 111 A.D.3d 783, 791 (2d Dep't 2013) (requiring a "benefit [that] has been conferred on the defendant… [and] still remain[s] with the defendant"). The Sales Tax Act requires vendors doing business in New York to collect sales tax on every covered transaction and to remit those proceeds to the state treasury for the public good. The complaint does not (and cannot) allege any facts demonstrating that the Stores did otherwise. Instead, Plaintiffs make only conclusory allegations that "Defendants unlawfully surcharge customers" and that "[t]he unlawful surcharge is disguised as a 'sales tax'." *See* Compl. §§ 2-3. Even to the extent that such conclusory allegations could be read to imply, indirectly, that Defendants retained allegedly excessive sales taxes collected, they remain insufficient to state a claim. *See Goel*, 111 A.D.3d at 792 ([T]he bare legal conclusion that it is against equity and good conscience to permit [a

defendant] to retain [an] unidentified benefit is insufficient to adequately allege that the asserted benefit was unjust"). Accordingly, Plaintiffs' claim for unjust enrichment should be dismissed.

### d. Plaintiffs' Claim for Negligence Fails to Plead a Duty Breached

In order to plead a claim for negligence sufficiently, Plaintiffs must allege "(1) a duty owed to the plaintiff by the defendant; (2) breach of that duty; and (3) injury substantially caused by that breach." *See Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002).

First, Plaintiffs cannot support a negligence claim on an allegation of purely economic harm in the context of an arms-length transaction. "[A]n arms-length commercial transaction, without more, cannot give rise to a duty of care [unless] a special relationship exists between the parties by virtue of the defendant's 'unique or specialized expertise,' or the defendant's 'special position of confidence and trust with the injured party.'" *Banco Indus. de Venezuela, C.A. v. CDW Direct, LLC*, 888 F. Supp. 2d 508, 512-13 (S.D.N.Y. 2012) (*quoting M & T Bank Corp. v. LaSalle Bank Nat'l Ass'n*, 852 F. Supp. 2d 324, 337 (W.D.N.Y. 2012)); *Sotheby's, Inc. v. Minor*, No. 08 Civ. 7694(BSJ), 2009 WL 3444887, at *9 (S.D.N.Y. Oct. 26, 2009) ("In arms-length commercial transactions, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances" and a court need not credit "mere legal conclusions that are dressed up as factual allegations" that a defendant held fiduciary responsibilities).

Even if Plaintiffs had plead some non-economic harm adequate, they do not credibly allege the existence of a duty running from the Stores to them to counter the general presumption that no such duty arises in the context of a commercial transaction. A plausible negligence claim must allege that the defendant had an identifiable duty to the plaintiff. *532 Madison Ave. Gourmet Foods, Inc. v. Tishman Construction Corp.*, 750 N.E.2d 1097, 1101 (N.Y. 2001). Plaintiffs make the boilerplate, conclusory allegations that "Defendants breached a duty to

Plaintiffs and the Class members by failing to properly train their agents, resulting in the aforementioned damages." Compl. ¶ 82. However, Plaintiffs do not allege which Defendants allegedly had such a duty, which "agents" allegedly were improperly trained, or in what way those "agents" were improperly trained. Plaintiffs have not alleged that any one of the Stores had a duty to protect them from the improper payment of sales tax, nor do the Stores have such a duty as a matter of law: the Stores' sole duty with respect to the collection, reporting, and payment of taxes is to the State of New York Tax Commission – not to Plaintiffs. *See Matter of Saltzman v. N.Y. State Tax Comm'n*, 101 A.D.2d 910, 911 (N.Y. App. Div. 3d Dep't 1984) (obligating those collecting sales taxes to pay all amounts collected to the State, even if the taxes collected are in excess of the correct amount). Because Plaintiffs have failed to allege that the Stores owed them a duty of care, their claim for negligence must be dismissed.

### e. The Economic Loss Doctrine Bars Plaintiffs' Claims for Fraud and Negligence

As noted with respect to Plaintiffs' failure to plead a duty to support their negligence claim, Plaintiffs have alleged only economic losses. For this reason alone, Plaintiffs' claims for fraud and negligence should be dismissed. Generally speaking, where the only damages alleged are economic, a plaintiff cannot support a claim sounding in tort – including either negligence or fraud. *See Am. Tel. & Tel. Co. v. N.Y.C. Human Res. Admin.*, 833 F. Supp. 962, 982 (S.D.N.Y. 1993) (dismissing negligence claims for the "purely economic loss" of long distance telephone charges); *Cnty. of Suffolk v. Long Island Lighting Co.*, 728 F.2d 52, 62 (2d Cir. 1984) ("New York law holds that a negligence action seeking recovery for economic loss will not lie."); *Shred-It USA Inc. v. Mobile Data Shred*, 222 F. Supp. 2d 376, 379 (S.D.N.Y. 2002) (dismissing fraud claims under economic loss doctrine, holding that "[f]or claims alleging only economic

15

loss, … the usual means of redress is an action for breach of contract; a tort action for economic loss will not lie").

Plaintiffs' claims in this action all rely on the basic allegation that the Stores either negligently or fraudulently charged them a sales tax. No other wrong is alleged, and the only damage alleged to have flowed from the charge is that Plaintiffs may have paid more sales tax than they were legally obligated to pay. Compl. ¶¶ 1-3, 82, 84. These alleged damages are purely economic; Plaintiffs allege no damages to person or property. Therefore, Plaintiffs' claims for negligence and fraud are barred and fail as a matter of law on this additional basis.

### f. Plaintiffs Fail to Allege Fraud with Particularity

Beyond the economic harm doctrine, Plaintiffs' failure to plead fraud with particularity provides an independent basis for the dismissal of that claim. Plaintiffs allege that they were defrauded by all Defendants, without specifying a single action any one defendant is alleged to have taken. Such conclusory allegations, which indiscriminately lump together a group of defendants, are insufficiently particular to satisfy the pleading standard for fraud.

Plaintiffs' allegations of fraud must be stated with particularity pursuant to Federal Rule of Civil Procedure 9(b). *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004); *New World Trading Co. v. Avshalomov*, No. 11 Civ. 6219, 2012 WL 4378055, at *2 (S.D.N.Y. Sept. 24, 2012). To survive a motion to dismiss, Plaintiffs must (1) detail the statements or omissions that the plaintiff contends are fraudulent; (2) identify the speaker; (3) state where and when the statements or omissions were made; and (4) explain why the statements or omissions are fraudulent. *Harsco v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996); *see also Lama Holding Co. v. Smith Barney Inc.*, 668 N.E.2d 1370, 1373 (N.Y. 1996); *Jones v. Bank of Am. Nat'l Ass'n*, No. 31990/2008, 2013 WL 4017344, at *7 (N.Y. Sup. Ct. July 29, 2013) (dismissing claim for fraud for failure to allege the claim with specificity as to

when or where any of the alleged misstatements were made). Although "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally," Fed R. Civ. P. 9(b), this leeway is not a "license to base claims of fraud on speculation and conclusory allegations." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995) (internal quotation marks and citation omitted). "[P]laintiffs must allege facts that give rise to a strong inference of fraudulent intent," which may be established "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* (*quoting Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

Plaintiffs have met none of these requirements in their claim for fraud, which should be dismissed. Plaintiffs merely allege that "Defendants' willful and material misrepresentations to Plaintiffs and the Class, which Plaintiffs and the Class reasonably relied upon, resulted in the aforementioned damages." Compl. ¶ 84. Plaintiffs fail to allege any facts giving "rise to a strong inference of [the Stores'] fraudulent intent." They do not identify a single representation made by any defendant that is alleged to be false – much less, identify the speaker of such a representation, state when the representation was made or when Plaintiffs allegedly relied upon it, or identify what information, specifically, they allege to be false or omitted. Such sparse allegations fall far short of the particularly required by Rule 9(b) with respect to fraud claims.

Furthermore, plaintiffs allegations do not speak specifically to the conduct of any individual defendant. Alleging fraud against multiple defendants requires facts sufficient to put each individual defendant on notice of the nature of its alleged participation in the fraud. *Valentini v. Citigroup, Inc.*, 837 F. Supp. 2d 304, 316 (S.D.N.Y. 2011); *Eaves v. Designs for Finance, Inc.*, 785 F. Supp. 2d 229, 247 (S.D.N.Y. 2011). Plaintiffs alleging fraud against

multiple defendants must plead a factual basis for scienter – *i.e.*, allege who possess knowledge of the fraud, and when and how they obtained such knowledge. *S.E.C. v. Lee*, 720 F. Supp. 2d 305, 321 (S.D.N.Y. 2010); *Meijer, Inc. v. Ferring B.V. (In re DDAVP Direct Purchaser Antitrust Litig.)*, 585 F.3d 677, 695 (2d Cir. 2009). Plaintiffs have made no such allegations with respect to any defendant. Notably, each of the Stores is an independent franchisee, licensed to use Dunkin' Donuts' trademarks and related intellectual property to independently own and operate their businesses. Doc. No. 32-1 (Franchise Agreement). Thus, each store operates independently of the others, and independently of other Dunkin' Donuts franchisees. Plaintiffs indiscriminate, boilerplate allegation that all Defendants committed fraud in surcharging customers in the "guise of a sales tax" fails to meet both the particularity and defendant-specific requirements for a fraud claim.

## CONCLUSION

Defendants Dunkin' Donuts Store #350125, Dunkin' Donuts Store #350126, and Dunkin' Donuts Store #350127 respectfully request that this Court issue an Order dismissing every count of the Complaint for want of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Dated: May 4, 2016

Respectfully submitted,

HOLLAND & KNIGHT LLP

<u>/s Christopher G. Kelly</u>
Christopher G. Kelly
Katherine A. Skeele
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
chistopher.kelly@hklaw.com
katherine.skeele@hklaw.com
*Attorneys for Defendants Donuts Store #350125, Dunkin' Donuts Store #350126, and Dunkin' Donuts Store #350127*