**MAYER LAW GROUP, LLC**
Carl J. Mayer, Esq.
Zachary J. Liszka, Esq.
1180 Avenue of the Americas, Suite 800
New York, New York 10036
(212)382-4686
(212)382-4687

**LAW OFFICE OF TED M. ROSENBERG**
Ted M. Rosenberg, Esq. (*pro hac vice* application pending)
Robert Rosenberg, Esq. (*pro hac vice* application pending)
321 New Albany Rd.
Moorestown, NJ 08057
(856)608-9999
*Attorneys for Plaintiffs and the Putative Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS ESTLER, BLAKE RUEHRWEIN, and STEVEN PARK, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DUNKIN' BRANDS, INC., DUNKIN' DONUTS STORE #350125, DUNKIN' DONUTS STORE #350126, DONUTS STORE #350127, DUNKIN' DONUTS STORE #345768, and JOHN DOES 1-500,<br><br>Defendants. | CIVIL NO:1:16-cv-00932-LGS<br>Judge Lorna G. Schofield |

**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the joint Case Management

Order, Plaintiffs THOMAS ESTLER, BLAKE RUEHRWEIN, and STEVEN PARK

("Plaintiffs"), through its undersigned counsel, makes the following initial disclosures to the

Defendants in the above-referenced lawsuits. These disclosures are based on information presently known and reasonably available to Plaintiffs and which Plaintiffs reasonably believe it may use in support of its claims. Continuing investigation and discovery may cause Plaintiffs to amend these initial disclosures, including by identifying other potential witnesses, documents and by disclosing other pertinent information. Plaintiffs therefore reserve the right to supplement these initial disclosures.

By providing these initial disclosures, Plaintiff does not represent that it is identifying every document, tangible thing or witness possibly relevant to this action. In addition, these disclosures are made without Plaintiffs in any way waiving their right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by Plaintiffs regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

### A.   Individuals Likely To Have Discoverable Information

In accordance with Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the following individuals are reasonably likely to have discoverable information that Plaintiffs may use to support its claims and defenses in this action:

1. Thomas Estler
   7 W 63rd Street 655 W
   New York, NY

   Plaintiff Estler is likely to have information related to his individual claims and defenses.

2. Blake Ruehrwein
   3305 31st Avenue, Apt 1
   Astoria, NY

Plaintiff Ruehrwein is likely to have information related to his individual claims and defenses.

3. Steven Park
   21-45 44th Drive
   Long Island City, New York

Plaintiff Park is likely to have information related to his individual claims and defenses.

4. Sherif Emera, the owner of the Defendant Store #345768, has information related to Plaintiffs' allegations, the practices alleged in this case, and the defenses asserted by Defendants.

5. Van Tran, Store Manager for Defendant Store #345768, has information related to Plaintiffs' allegations, the practices alleged in this case, and the defenses asserted by Defendants.

6. Tanya O'Hare, Office Manager for Defendant Store #345768, has information related to Plaintiffs' allegations, the practices alleged in this case, and the defenses asserted by Defendants.

7. Frank Barone, Senior Director of Business Analytics for Defendant Dunkin' Brands, is likely to have information relevant to sales figures in New York State.

8. Jeffrey Karlin, Director and Legal Counsel for Defendant Dunkin' Brands, is likely to have information relevant to Dunkin's franchise agreements, the relationship between Dunkin' and its franchisees, and issues related to class certification.

9. Robert Wiggins, a Vice President of Operations for Defendant Dunkin' Brands', is likely to have information relevant to franchise operations in the named franchisee defendants' geographic region, the relationship between Dunkin' and its franchisees, and issues related to class certification.

10. Edward Simoes, a Director of Operations for Defendant Dunkin' Brands, is likely to

have information relevant to franchise operations in the named franchisee defendants' geographic region, the relationship between Dunkin' and its franchisees, and issues related to class certification.

11.     Samuel Parks, an Operations Manager for Defendant Dunkin' Brands, is likely to have information relevant to franchise operations in the named franchisee defendants' geographic region, the relationship between Dunkin' and its franchisees, and issues related to class certification.

12.     Larry Flynn, Vice President and Controller for Defendant Dunkin' Brands, is likely to have information relevant to material accounting practices and financial records at Dunkin'.

13.     Thomas Kornacki, Senior Vice President of Food and Beverage for Hudson Group (HG) Retail, LLC ("Hudson Group"), has knowledge of the franchise agreements controlling Hudson Group and the Stores' relationship with franchisor Dunkin' Brands, Inc., and of the Stores' policies and training programs.

14.     Adrian Bartella, CFO of the Hudson Group has knowledge of the Stores' relationship with IT vendors regarding systems related to taxation, the Stores' tax reporting and remittance to federal, state, and local taxation authorities, and the Stores' profits and revenue resulting from sales of pre-packaged coffee.

### B.     Description of Documents

In accordance with Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure Plaintiffs identify the following documents and categories of documents they may use to support their claims:

15.     Receipts from the Defendants' sales of pre-packaged coffee and other non-taxable items.

16.     Sales reports indicating sales of pre-packaged coffee, and other non-taxable items,

and amounts charged.

17.     Documentation evidencing reporting and remittance of sales taxes charged for sales of pre-packaged coffee and other non-taxable items.

18.     Documentation of policies and protocols for taxation, reporting, and remittance.

19.     Defendant's Franchise Agreements and any addenda to same.

### C.      Computation of Damages

In accordance with Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Plaintiffs calculate their damages as follows:

20.     Number of purchases of non-taxable items sold in each of Defendants' stores in New York, over the past three years, multiplied by amount surcharged in the guise of a sales tax on each item, and/or up to $50 per instance, plus reasonable attorneys' fees.

### D.      Insurance

In accordance with Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, Plaintiffs state as follows:

21.     Plaintiffs do not have insurance related to this matter.

Dated:      New York, NY
            June 7, 2016

                                        **MAYER LAW GROUP, LLC**

                                        s/ Zachary J. Liszka
                                        Zachary J. Liszka, Esq.
                                        Carl J. Mayer, Esq.
                                        1180 Avenue of the Americas
                                        Suite 800
                                        New York, New York 10036
                                        (212)382-4686
                                        (212)382-4687

                                        *Attorneys for Plaintiffs and the*
                                        *Putative Class*

## **CERTIFICATE OF SERVICE**

      This is to certify that the foregoing PLAINTIFFS' INITIAL DISCLOSURES was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send email notification of such filing to the following attorney(s) of record:

Eric L. Yaffe
Gray Plant Mooty, Mooty & Bennett, PA
600 New Hampshire Avenue, Nw, Suite 700
Washington, DC 20037
(202)-295-2200
Fax: (202)-295-2250
Email: eric.yaffe@gpmlaw.com

Ronald David Degen
O'Rourke & Degen, PLLC
225 Broadway, Suite 715
New York, NY 10007
212 227-4530
Fax:212 385-9813
Email: rdegen@odlegal.com
*Attorneys for Defendant Dunkin' Brands, Inc.*

Christopher G. Kelly, Esq.
Holland & Knight LLP
31 West 52nd Street
New York, NY 10019
Christopher.Kelly@hklaw.com
*Attorneys for Defendants Dunkin' Donuts Store #350125, Dunkin' Donuts Store #350126 and Dunkin' Donuts Store #350127*

Joanne M.F. Wilcomes, Esq.
Paris Ackerman & Schmierer LLP
103 Eisenhower Parkway
Roseland, NJ 07068
(T): (973) 228-4909
(F): (973) 629-1246
joanne@paslawfirm.com
*Attorneys for Defendant Store #345768*

                                                *s/Zachary J. Liszka*
                                                Zachary J. Liszka, Esq.