```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  THOMAS ESTLER, et al.,                                    :
                                    Plaintiffs,             :
                                                            :
                  -against-                                 :
                                                            :
  DUNKIN' BRANDS, INC., et al.,                             :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/3/2016
```

16 Civ. 932 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Thomas Estler, Blake Ruehrwein, and Steven Park, commenced this purported class action lawsuit asserting claims arising from an alleged unlawful surcharge, disguised as a "sales tax," on prepackaged coffee at Dunkin' Donuts stores in New York City. Plaintiffs assert claims for breach of contract, unjust enrichment, negligence, fraud, and violations of New York General Business Law § 349. Defendants are Dunkin' Brands, Inc. ("DBI"), four named Dunkin' Donuts stores, and five hundred unnamed Dunkin' Donuts stores in New York. Defendants DBI and the named Dunkin' Donuts stores move for dismissal of the First Amended Complaint (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Defendants' motions to dismiss are granted.

**I.     BACKGROUND**

Unless otherwise noted, the following factual allegations are taken from the Complaint and accepted as true for purposes of this motion. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).

Defendants comprise one of the largest baked goods and coffee stores in the world. Defendant DBI grants licenses to franchisees to operate Dunkin' Donuts stores in New York. DBI requires that its franchisees use particular cash registers that are compatible with its point-

of-sale software.  DBI customizes its point-of-sale software to charge sales tax on certain items. DBI's Franchise Service Managers and Operation Managers physically visit franchise stores to update point-of-sale software.  Through these Managers, DBI instructs franchisees when to charge and not to charge sales tax.

Plaintiffs allege that under New York law, prepackaged coffee should not be charged sales tax.  They allege that Defendants included a surcharge on prepackaged coffee under the guise of a "sales tax."  On December 26 and 29, 2015, Plaintiff Estler purchased prepackaged coffee from Dunkin' Donuts stores #350125, #350126, #350127 and #345768, and was assessed a surcharge of $0.89 on each purchase, which was listed as a charge for sales tax on his receipt. On January 13, 2016, Plaintiff Ruehrwein purchased prepackaged coffee from Dunkin' Donuts stores #320125, #350126 and #350127, and was assessed a surcharge of $0.89 on each purchase, which was listed as a charge for sales tax on his receipt.  On January 14, 2016, Plaintiff Park purchased prepackaged coffee from Dunkin Donuts stores #350125, #350126 and #350127, and was assessed a surcharge of $0.89 on each purchase, which was listed as a charge for sales tax on his receipt.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v.*

*Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).  However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings."  *Id.*   "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

### III.   DISCUSSION

The Complaint is dismissed because this Court lacks subject matter jurisdiction to hear the claims asserted.  At its heart, this case concerns a New York State sales tax that Plaintiffs allege was improperly charged.  New York Tax Law § 1139 dictates how a taxpayer may seek a refund for a sales tax that the taxpayer believes was erroneously, illegally or unconstitutionally collected:

> (a)  In the manner provided in this section the tax commission shall refund or credit any tax, penalty or interest erroneously, illegally or unconstitutionally collected . . . (i) in the case of tax paid by the applicant to a person required to collect tax, within three years after the date when the tax was payable by such person to the tax commission . . . .
> (b) If an application for refund or credit filed with the commission of taxation and finance as provided in subdivision (a) of this section, the commission of taxation and finance shall grant or deny such application in whole or in part within six months of receipt of the application in a form which is able to processed and shall notify such applicant by mail accordingly.  Such determination shall be final and irrevocable unless such applicant shall, within ninety days after the mailing of notice of such determination, petition the division of tax appeals for a hearing.  After such hearing, the division of tax appeals shall mail notice of the determination of the administrative law judge to such applicant to the commissioner of taxation and finance.  Such determination may be reviewed by the tax appeals tribunal as provided in article forty of this chapter.  The decision of the tax appeals tribunal may be reviewed as provided in section two thousand sixteen of this chapter.

N.Y. Tax Law § 1139.

New York Tax Law § 1140 establishes that the remedies delineated by § 1138 and § 1139

are exclusive:

> The remedies provided by sections eleven hundred thirty-eight and eleven hundred thirty-nine shall be exclusive remedies available to any person for the review of tax liability imposed by this article; and no determination or proposed determination of tax or determination of any application for refund shall be enjoined or reviewed by an action for declaratory judgment, an action for money had and received, or by any action or proceeding other than a proceeding under article seventy-eight of the civil practice law and rules.

N.Y. Tax Law § 1140.

Federal district courts in New York have found that the administrative remedy set forth in § 1139 is the exclusive remedy. *See, e.g., Cohen v. Hertz Corp.*, No. 13 Civ. 1205, 2013 WL 9450421, at *3 (S.D.N.Y. Nov. 26, 2013) ("The administrative refund remedy provided by section 1139 for sales tax overcharge claims is an exclusive one."); *Gilbert v. Home Depot*, No. 13-cv-853S, 2014 WL 4923107, at *4 (W.D.N.Y. Sept. 30, 2014), *appeal withdrawn* (Nov. 10, 2014) ("[T]he Court finds that the question of whether a vendor is collecting and remitting sales taxes in accordance with state law is a question that has been entrusted to the Department of Taxation . . . Plaintiff cannot, as a matter of law, maintain this action alleging [the vendor] improperly charged sales tax on a nontaxable item."). A business's "collection of sales tax constitutes 'merely a ministerial act,'" and since the business is "merely a tax collector and its responsibility ends once it has collected the taxes, '[a] dissatisfied taxpayer's recourse is then against the taxing body.'" *Cohen*, 2013 WL 9450421, at *3 (quoting *Davidson v. Rochester Tel. Corp.*, 558 N.Y.S.2d 1009, 1011 (App. Div. 3d. Dep't 1990)).

Plaintiffs' claims for damages are premised on arguments that Defendants improperly collected sales tax on prepackaged bags of coffee and fall within the exclusive remedy provided by New York General Business Law §§ 1139 & 1140. Plaintiffs cannot change this basic

premise semantically by referring to the collection of tax as a "surcharge."

Plaintiffs' arguments to the contrary fail.  Relying on *Childers v. New York and Presbyterian Hosp.*, 36 F. Supp. 3d 292, 303 (S.D.N.Y. 2014), Plaintiffs argue that, by failing to file claims on behalf of Plaintiffs or inform them that they should file refunds, Defendants are liable for "omissions" that occurred after the collection of the sales tax.  Plaintiffs misread this Court's prior decision in *Childers*.  *Childers* involved an employer's confidential settlement with the Internal Revenue Service in which the employer agreed to give up its right to seek tax refunds for both the employer and employee portions of FICA taxes, which the employer was contesting at the time.  *Id.* at 300.  Prior to the settlement, the employer had filed protective FICA refund claims on behalf of itself and its employees.  *Id.*  When the employer signed a settlement agreement, agreeing to forego its right to seek refunds on behalf of either itself or its employees, the employer did not obtain consent from its employees or even notify them of the agreement and the need for them to proceed on their own against the IRS.  *Id.*  Consequently, the Court held that the action was not preempted by the Internal Revenue Code, which required filing for a claim for refund before commencing suit, because the claims rose from the employer's conduct related to the confidential settlement rather from the collection of taxes.  *Id.* at 303-04.

Here, in an attempt to argue that they fall within *Childers*, Plaintiffs attempt to frame their claims as arising from Defendants' "omissions" after the collection of the tax by arguing that the law imposes a duty on Defendants to file refund claims on behalf of Plaintiffs, or inform Plaintiffs that they should file refunds for sales tax charged on prepackaged coffee.  This argument is unpersuasive because Defendants' challenged conduct here, unlike in *Childers*, is

the improper collection of taxes, and New York law is clear that § 1139 provides the exclusive remedy for the refund of any tax "erroneously, illegally or unconstitutionally collected."  N.Y. Tax Law § 1139(a).

Similarly, Plaintiffs' arguments that Defendants *may* make a refund request on behalf of their customers and that customers should not be required to submit refund requests because they do not know to do so are irrelevant and do not affect the mandatory nature of § 1139.  Finally, Plaintiffs' reliance on New York General Business Law § 349, which prohibits deceptive business practices, is misplaced.   Section 349 is a consumer protection statute, and "as a threshold matter, plaintiffs claiming the benefit of section 349 . . . must charge conduct of the defendant that is consumer-oriented."  *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995).  Collection of a sales tax constitutes "merely a ministerial act," and thus is not consumer-oriented.  *Cohen*, 2013 WL 9450421, at *3 (quoting *Davidson*, 558 N.Y.S.2d at 1011); *see also Kinkopf v. Triborough Bridge & Tunnel Auth.*, 792 N.Y.S.2d 291, 292 (App. Term 2004) ("Inasmuch as the tolls are in essence a use tax, the collection of the same is not a consumer oriented transaction and therefore not subject to section 349 of the General Business Law.") (internal citation omitted).

Plaintiffs' attempt to make an end run around the requirements of New York Tax Law fails.  Plaintiffs' claims of breach of contract, unjust enrichment, negligence, fraud, and violations under § 359, N.Y. Gen. Bus. L., are dismissed because the Court lacks jurisdiction to hear the claims.  As the court lacks jurisdiction, Defendants' motions to dismiss, in the alternative, pursuant to Rule 12(b)(6), Fed. R. Civ. P., are not considered.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted, and Plaintiffs' claims are dismissed in their entirety.

The Clerk of Court is directed to close this case and Docket Numbers 72 and 74.

SO ORDERED.

Dated: October 3, 2016
      New York, New York

                                      **LORNA G. SCHOFIELD**
                                  **UNITED STATES DISTRICT JUDGE**